## RANSOM SHELDON, vs. THE TOWNSHIP OF PORTAGE.

A Township can levy and collect a highway tax, under ¿ 994 of C. L., upon property within a Village, specially incorporated, and belonging to a resident thereof.

Case made upon agreement of parties, under § 3421 of the C. L., as follows: The above named defendant is a municipal corporation existing under the laws of this State. At a meeting of the electors thereof held on the first Monday of April, A. D., 1869, pursuant to law, the said electors voted to raise by tax for that year under the provisions of section 994, volume 1, page 541 of Compiled Laws, the sum of two hundred and fifty dollars for the improvement of roads and bridges within said township.

In pursuance of said vote the defendant's supervisor spread upon the roll of said township, as a special highway tax, said amount, charging with it the real and personal property situated in the village of Houghton, and belonging to residents thereof, as well as property outside of said village and within the township of Portage. That the said village is within said township, and is organized at present under a special charter by the Legislature of the State of Michigan. That said tax roll was in

due course of law delivered to the defendant's treasurer for collection of the taxes therein set down. That the amount claimed from the plaintiff, according to said roll, in property, real and personal, situated in the said village of Houghton is the sum of thirty-seven 18-100 dollars. That the plaintiff is and was at the time said tax was voted, levied, demanded and paid, a resident of said village. That said plaintiff paid said tax as his portion of said highway tax to said treasurer (who has paid the same to said defendant) on the 22d day of February, A. D., 1870, under protest and to avoid a levy upon his property for the collection of the amount and that the plaintiff now seeks to recover from the defendant the said sum, so paid as aforesaid.

*Hubbell & Chadbourne* for Plaintiff.

*Ball & Chandler* for defendant.

*By the Court*, O'GRADY, J.—The statute authorizes the electors at the annual township meeting to vote a tax of not exceed, ing two hundred and fifty dollars for the improvement of roads and bridges in the township. Comp. Laws, p. 341, § 994. This is to pay the expense of improvements deemed necessary on roads and bridges, over and above the labor to be assessed in that year. Ib. § 993. And it is to be levied and collected in the same manner as other township monied expenses, § 994.

Other township expenses are levied and collected as follows:

1. The Township Clerk on or before the 1st day October, in each year is to deliver to the supervisor of his township (or ward if in a city) a certified statement of all monies proposed to be raised therein by taxation, together with a statement of the aggregate amount thereof, to be by the supervisor delivered to the county clerk on or before the second Monday of the same month, to be filed in his office, and laid before the Board of Supervisors at its annual meeting, (*Sess. L.* 1869, p. 336, § 26.)

2. After equalization of the rolls, and apportionment of the State and County taxes, the County Clerk delivers certificates of the amounts apportioned to be assessed on the property of each township for State, County, Township, fractional school district and other purposes, to the supervisor of the proper township or ward. *Id.* § 32

3. The supervisor proceeds to assess the taxes for the

amount specified in such certificate according to and in propor-
tion to the individual and particular estimate and valuation spec-
fied in the assessment roll for the year. *Id.* p. 339, § 33.

The township is divided into road districts, *C. L.*, p. 340, §
991, but it is insisted by the plaintiff that by the charter, the
village of Houghton is a separate road district, and hence not
liable to pay any part of the expense of improvement of roads
and bridges *outside* of the village. This does not follow. The
Commissioners of highways may levy a highway tax in the sev-
eral *road districts*, not exceeding one days labor for each $100
of valuation besides the poll tax—*C. L.*, p. 347, § 1017, to be
worked out within the respective districts, for which the same
is levied, and if not worked or commuted, it is to be returned
to the supervisor who levies the same on the delinquent prop-
erty, and to be collected like other taxes and expended in the
district where the same was assessed. *C. L.*, p. 352, § 1038.

In case these taxes are not deemed sufficient, § 993 & 994,
provide for making up the deficiency by a general tax upon the
whole property of the township, which may be all applied in
one or more of the road districts, but without regard to the
districts in which it was raised.

The Highway law, and the village charter, taken together,
constitutive the law as applied to this case—under the charter
the Common Council have power to levy a tax of not exceed-
ing one-half of one per cent for a highway tax, and a poll tax not
exceeding $1,00 on each inhabitant not exempt, *Sess. L.*, 1867,
vol. 2, p. 1092, § 24, for streets within the village, to be ex-
pended under the direction of the village authorities, and the
commissioners may levy taxes in the several road districts out-
side of the village, within the limits prescribed in *C. L.*, p. 347,
§ 1017, to be worked out on the streets under the direction of
overseers of highways for the respective districts.

In case there should be a deficiency either in the village or
in the road districts, a general tax may be levied on the prop-
erty of the township, under § 994. This tax may be laid out in
such part of the township as the Commissioners of Highways
may direct—there being no restriction in that respect—either
within or without the village, or both. If within the village,

probably under the direction of the Common Council or street committee.

Unless, then, the village of Houghton is distinct from and not a part of the township of Portage (which it is not) the property in the village is liable for this as all other township taxes.

But § 53, of the charter, *Sess. L.*, 1867, vol. 2, p. 1109, provides that the inhabitants of the village are liable to the operation of all township laws, except as otherwise provided in the charter—and moreover, the electors of the village are also electors of the township, and voted on the raising of the very tax in question.

The tax is a general township tax, for the benefit of the township, and must be levied *equally on all the property of the township*—*Laws* of 1869, p. 339, § 33; *C. L.*, p. 341, § 994; Constitution, Art. 14, Sec. 11; *O'Kane vs. Treat, et al.*, 25 *Ill.*, p. 557.

Judgment must be for the defendant.